Learned, P. J.
One McOrillis, by one Ball as his attorney, had recovered a judgment; execution had been issued thereon, and a levy made and a part of the amount had been collected and was in the sheriff’s hands.
A dispute had arisen between McOrillis and BaE; the former claiming the money in the sheriff’s hands, and the latter claiming the same (or a part) by virtue of an assignment to him from McOriEis.
Thereupon McOriEis moved at special term, that the sheriff be directed to pay to him, instead of BaE, and Ball opposed. The court ordered that the money made by sales be paid to McOriEis, on his giving an undertaking, with security, to BaE in the sum of $1,200, conditioned among other things for the payment to him of ‘ ‘ any sums or claims that he may finaEy estabEsh against the goods sold by the sheriff.”
The order also contained a reference of the matter to a referee to hear, examine and decide on the question in dispute. The amount when fixed by said referee and confirmed by the court to be a claim and demand for which the sureties should be Hable.
At this time BaE had lost the alleged assignment, and McOriEis denied that any had been executed.
Subsequently, and pending the reference, McOriEis executed a writing, acknowledging the execution of the former assignment, ratifying it and re-assigning the judgment to BaE. Thereupon BaE (or his successor) appHed to the special term to have the reference cease ana to have the amount due to BaE declared by the court.
The special term directed that the reference should cease (being now unnecessary) and determined the amount due to the administratrix of Ball to be $1,399.68.
This was a decision of the controversy between BaE and *737 McCrillis as to the ownership of the moneys which had been in the sheriff’s hands. As these persons were the onljr claimants to the moneys, it was not necessary that any one else should be notified of the motion.
Thereupon the plaintiff, who had eventually succeeded to Ball’s interest, brought this action against the defendants, the sureties on McCrillis’ undertaking, to recover the amount thus determined.
The defendants now insist, on this appeal from the judgment against them, that the matter ought to have been determined before the referee.
Nothing is said in the undertaking in regard to the reference. The controversy between McCrillis and Ball, being in relation to money and property in the sheriff’s hands under the execution, was one which might be decided by the court on motion. That, at least, is not here disputed. The reference was made only to relieve the court from the taking of testimony and to obtain the opinion of the referee. It was not the reference of an action; but was a reference under a special motion.
The court therefore was still the tribunal to decide the question. The court might vacate the reference and take the matter into its own hands. The undertaking was made in reference to the motion which had been pending before the court; and it was given in order that the money should not lie idle in the sheriff’s hands. The undertaking did not entitle those who signed it to a common law trial of the matter in dispute between McCrillis and Ball, either by its terms, or by the circumstances under which it was made.
The controversy was between McCrillis and Ball. And when McCrillis surrendered the ground he had taken, it was utterly useless to continue a hearing before a referee.
If McCrillis admitted the justice of Ball’s claim, the controversy was ended. These sureties had no right to prolong it. We have no reason to think that the special term decided- incorrectly, when it fixed the amount owing to Ball.
At any rate, the court had jurisdiction of the subject matter and of the parties. It could have directed part of the money to be paid to Ball and part to McCrillis. And this undertaking stands in-the place of part of the money. As to that part of it McCrillis was, as it were, the custodian of the money until the court should determine to whom it belonged. When that was determined his liability was fixed and the amount payable on the undertaking was fixed also.
The language of the undertaking was to pay Ball any sum or claim which he may finally establish against the goods sold by the sheriff.
*738 Now he or his successor did finally establish this sum or claim by the order of the special term. If this order was-wrong, it should have been appealed from. Not appealed from, it stands as a final determination.
We think that the court deducted all that could be properly allowed from the amount mentioned in the undertaking; all that .had been in fact paid on the liability of the sureties.
The judgment should be affirmed, with costs.
Bocees and Landon, JJ.,- concur.